IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NUMBER |
| | : | 1:02-CR-18-01-CC |
| v. | : | |
| | : | FOURTH SUPERCEDING |
| JONATHAN DALE | : | INDICTMENT |

**DEFENDANT'S MOTION IN SUPPORT OF
GOVERNMENT'S RULE 35 MOTION FOR SENTENCE REDUCTION**

**COMES NOW,** Jonathan Dale, by and through the undersigned counsel, and files this MOTION IN SUPPORT OF THE GOVERNMENT'S RULE 35 MOTION FOR SENTENCE REDUCTION to wit:

1.

Mr. Dale began cooperating with the government almost immediately after his December 15, 2001 arrest. Not only did her enter a plea of guilty thereby saving the government the cost of a trial in his case, but he cooperated in the prosecution of co-defendants including defendant Jovado Barner, who also entered a guilty plea.

2.

Mr. Dale's cooperation amounted to substantial assistance and this honorable court granted the government's motion for a downward departure of his sentence. Mr. Dale was sentenced and incarcerated in the Miami Federal Corrections Institution, (hereinafter Miami FCI), in Florida.

3.

Miami FCI is a "low security facility housing male inmates"[1]  The facility
provides a number of programs, including religious services, re-entry, work skills, and
work programs, and individualizes assessment and provision of programs designed to
meet the individual needs of the inmate in order to facilitate successful community
transition upon release.

4.

Further, Miami FCI encourages visits to assist the inmate "maintain morale and
ties with family members, friends and others in the community"[2]  Face to face visits are
allowed and the inmates have access to telephones, a law library and recreational
activities.

5.

Defendant Jovado Barner withdrew his guilty plea in 2003 and exercised his right
to trial by jury.

4.

Mr. Dale agreed to provide further cooperation with the government in
anticipation of the trial of Defendant Barner.  To that end, Mr. Dale was brought to
United States Penitentiary in Atlanta, (hereinafter USP), by the government.  Mr. Dale
was debriefed by the government in preparation for Defendant Jovado Barner's trial and
testified for the government.   Mr. Dale also provided information not directly related to
Defendant Jovado Barner.

---

[1] Federal Bureau of Prisons, Facility Information, http://www.bop.gov/locations/institutions.
[2] Id.

5.

Mr. Dale was housed at USP, a "high security facility housing male inmates".[3] Although USP is also a facility that has a minimum security camp, Mr. Dale was housed in a lockdown facility.  In lock down, Mr. Dale is confined to his cell for twenty-three (23) hours a day.  He is allowed out one hour per day.

6.

At USP Mr. Dale has access to none of the services provided at Miami FCI, such as use of the law library, religious gatherings, and programs necessary pursuant to an individualized assessment.  Most importantly, Mr. Dale is not allowed contact visits with his family, including his four (4) children with whom he had close relationships before incarceration.  Mr. Dale's youngest child, his seven year old daughter, hasn't hugged her father since she was three (3) years old.

7.

**Mr. Dale has been incarcerated under these conditions for forty eight (48) months.**  As the government's motion indicates, Defendant Javado Barner's court date was continued and there was considerable litigation regarding the Fifth Superseding Indictment thereafter.  This delay was through no fault of the Mr. Dale.

8.

The condition of Mr. Dale's incarceration is a direct result of his substantial assistance to the government.  While the law is clear that this court may not consider factors other than substantial assistance in reducing a sentence pursuant to a Rule 35

---

[3] Id.

motion,[4] Mr. Dale is not asking the court to consider anything other than his substantial assistance.  But for, his substantial assistance to the government, the condition of Mr. Dale's incarceration would not have changed.  Therefore, the condition of his incarceration during the last four years is a direct result of his substantial assistance.[5]

9.

This court has the discretion to grant the reduction of Mr. Dale's sentence and to decide the proper amount of the reduction.[6]  The circumstances caused by substantial assistance are often considered by the court in determining the amount of sentence reduction.

**WHEREFORE,** Defendant prays that this court grant the government's motion for reduction of sentence in an amount greater than twenty-four (24) months based on his substantial assistance to the government.

Submitted this 13th day of January 2008.


Humbly,
/S/
Cynthia W. Roseberry

P.O. Box 142393
Fayetteville, Georgia 30214
CRoseberrylaw@aol.com

---

[4] _United States v. Chavarria-Herrara,_ 15 F.3d 1033, 1037 (11th Cir.1994)
[5] See _U.S. v. Pressley,_ 473 F.Supp 2d 1303 (N.D. Ga. 2006), for the proposition that the condition of Mr. Dale's incarceration may be considered in sentencing.
[6] _United States v. Manella,_ 86 F.3d 201, (11th Cir.1996)